```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|  |  |  |
|---|---|---|
| EMMELEEN ULITA GILBERT | : |  |
|  | : |  |
| v. | : | Civil Action No. DKC 22-2065 |
|  | : |  |
| PINGTAO TANG | : |  |
|  | : |  |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this housing discrimination case is the motion to dismiss filed by Defendant Pingtao Tang. (ECF No. 11). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be denied.

**I. Background**

The following facts are alleged in the complaint. (ECF No. 1). On March 18, 2022, Plaintiff Emmeleen Ulita Gilbert signed a lease to rent a townhome (the "Townhome") in Montgomery County, Maryland from Defendant. (*Id.* ¶¶ 2, 6). The lease start date was March 29, 2022. (*Id.* ¶ 8). Plaintiff visited the Townhome on or about March 22, 2022, to meet with Defendant about how to maintain the property. (*Id.* ¶ 9). During this visit, Defendant described his sex life and told Plaintiff that he was seeking a relationship with a younger woman because "women lose interest in sex as they

get older." (*Id.* ¶ 10). When Plaintiff next visited—on or about March 25, 2022—Defendant tried to give Plaintiff a dozen red roses, which she did not accept. (*Id.* ¶ 11). Later that evening, Defendant sent Plaintiff a text message in which he stated that he "had emotional thinking to give [her a] hot kiss" when she unzipped her coat that morning. (*Id.* ¶ 12). Plaintiff responded that she did not share Defendant's feelings and would not date him. (*Id.* ¶ 13).

Defendant sent Plaintiff another text message the next day, stating that a relationship with him could result in financial, health, and travel benefits. (*Id.* ¶ 14). He then asked Plaintiff if he could stay with her in the Townhome for a day or two at the start of the lease. (*Id.* ¶ 15). Plaintiff declined, stating that she was uncomfortable with that proposal, given his inappropriate text messages. (*Id.* ¶ 16). On April 13, 2022, Defendant sent Plaintiff a lengthy text message in which he discussed watching pornographic videos and offered to share them with her, mentioned venereal diseases, and suggested that they "help each other even though temporarily." (*Id.* ¶ 17). Plaintiff also received from Defendant images of artwork that depicted portraits of nude women. (*Id.* ¶ 18).

Additionally, Plaintiff suspects that Defendant and/or others have been monitoring her family in and around the Townhome. (*Id.* ¶ 19). She reports having seen a woman taking pictures of her

children, and she received messages from Defendant about a light being on outside the Townhome and a screen door being open. (*Id.*).

As a result of these circumstances, Plaintiff felt unsafe, distressed, and demoralized, with physical symptoms of nausea, insomnia, hypersomnia, ringing ears, headaches, and stomachaches. (*Id.* ¶ 20). On August 16, 2022, Plaintiff filed a complaint against Defendant, seeking compensatory and punitive damages for violation of the Fair Housing Act (the "FHA") and for breach of the covenant of quiet enjoyment. (*Id.* ¶¶ 21-35). Defendant filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) on December 19, 2022. (ECF No. 11). Plaintiff filed a response in opposition to the motion, (ECF No. 12). Defendant did not file a reply.

## II.  Standard of Review

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must include more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009).  Indeed, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In evaluating a 12(b)(6) motion, the court must consider all well-pleaded allegations in the complaint as true. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994).  The court is not, however, required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The court may not resolve questions of fact or rule on the merits of a claim at this posture. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

**III. Analysis**

    **A. Fair Housing Act**

Defendant argues that Plaintiff's FHA claim should be dismissed because she failed to allege that the FHA's exemptions do not apply to Defendant.  (ECF No. 11-1, at 3-6).  The anti-discrimination provisions of the FHA, 42 U.S.C. §§ 3601 *et seq.*, apply to "all . . . dwellings except as exempted by [42 U.S.C. § 3603(b)]." § 3603(a)(2).  Section 3603(b) exempts certain dwellings from the anti-discrimination provisions, including "any single-family house sold or rented by an owner." § 3603(b)(1). There are, however, certain requirements that must be met for that exemption to apply.  For example, the owner may "not own more than three such single-family houses at any one time," and the house

4

must have been rented "without the use in any manner of the . . . rental facilities . . . or rental services of any real estate broker, agent, or salesman." *See* § 3603(b)(1). Plaintiff argues that her FHA claim should not be dismissed on this basis because the single-family house exemption is an affirmative defense that the defendant bears the burden of proving, so she is not required to allege in her complaint that the exemption does not apply. (ECF No. 12, at 3).

As a general rule, "a motion to dismiss filed under Federal Rule of [Civil] Procedure 12(b)(6), which tests the sufficiency of the complaint, . . . cannot reach the merits of an affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The limited exception to this rule is where "all facts necessary to the affirmative defense clearly appear[ ] *on the face of the complaint*." *Id.* (internal quotation marks omitted) (alteration in original).

The United States Court of Appeals for the Fourth Circuit and the United States Supreme Court have yet to decide whether the FHA exemptions contained in § 3603(b) are affirmative defenses. The Second Circuit, however, has held that the exemption contained in § 3603(b)(2), which exempts houses occupied by four or fewer families in separate living quarters where the owner occupies one of the living quarters, is an affirmative defense. *See United States v. Space Hunters, Inc.*, 429 F.3d 416, 425 (2d Cir. 2005).

5

Additionally, other circuits have held that exemptions contained in other sections of the FHA are affirmative defenses. *See, e.g., Putnam Fam. P'ship v. City of Yucaipa, Cal.*, 673 F.3d 920, 925 (9th Cir. 2012) (stating that the "housing for older persons" exemption in § 3607(b) is an affirmative defense); *Hooker v. Weathers*, 990 F.2d 913, 915-16 (6th Cir. 1993) (same); *Massaro v. Mainlands Section 1 & 2 Civic Ass'n, Inc.*, 3 F.3d 1472, 1474, 1476 n.6 (11th Cir. 1993) (same); *United States v. Columbus Country Club*, 915 F.2d 877, 882–85 (3d Cir. 1990) (stating that the "religious organization" and "private club" exemptions in § 3607(a) are affirmative defenses); *see also Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 (11th Cir. 2016) (stating that the "direct threat" exception contained in § 3604(f)(9) is an affirmative defense).

The only authority Defendant cites for the proposition that plaintiffs are required to allege in their complaints that no FHA exemption applies is one unpublished district court case from another district. *See Oxford House, Inc. v. Town of Fayetteville*, Civil Action No. 2:11-00402, 2012 WL 441156, at *4 (S.D.W.Va. Feb. 10, 2012) (dismissing FHA claim because plaintiffs failed to "plead facts triggering one of the exceptions to the exemption, i.e., the provisos embedded in § 3603(b)"). That single case, which provides no analysis as to whether the § 3603(b) exemptions should be

6

treated as affirmative defenses, is less persuasive than the weight of circuit court authority in the other direction.[1]

An interpretation of the § 3603(b) exemptions as affirmative defenses is further supported by general principles of statutory interpretation, which suggest that the party that "claims the benefits of an exception to the prohibition of a statute" bears the burden of proving that it falls within that exception.  *See United States v. First City Nat'l Bank of Houston*, 386 U.S. 361, 366 (1967).  The interpretation is also in line with the way exemptions are treated in other statutes.  *See, e.g.*, *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974) (holding that "the general rule [is] that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof").

---

[1] The different interpretation by the court in that case may be explained by its description of the "provisos embedded in § 3603(b)" as "exceptions to the exemption." *Oxford House, Inc.*, 2012 WL 441156, at *4.  Given that the exemption states that it exempts "any single-family house sold or rented by an owner: *Provided*[] [t]hat" the owner does not own more than three single-family homes, did not use a real estate agent or broker, etc., § 3603(b)(1), a better reading of the statute is that those provisos are elements or prerequisites of the exemption itself—which the defendant would have to prove are satisfied—rather than exceptions to the exemption.  Thus, it is not enough that it be apparent on the face of the complaint that the house in question is a single-family house for an FHA claim to be dismissed; it must also be apparent that each of the provisos is satisfied.  Those facts do not appear in Plaintiff's complaint.

The FHA exemptions in § 3603(b) are best treated as affirmative defenses that the defendant bears the burden of pleading and proving. Thus, Plaintiff is not required to plead in her complaint that Defendant does not fall into the FHA exemptions. Defendant's motion to dismiss Plaintiff's FHA claim will be denied.

### B. Covenant of Quiet Enjoyment

Defendant argues that Plaintiff has failed to state a claim for breach of the covenant of quiet enjoyment. (ECF No. 11-1, at 6-9). In *Baugher v. Wilkins*, 16 Md. 35 (1860), the Supreme Court of Maryland recognized as a matter of common law

> that a lessee who holds under one who has a fee in the premises demised, is entitled to the quiet enjoyment of them during his term, and there is an implied covenant to that effect on the part of the lessor in the case where none is expressed, if the contrary be not stated.

*Id.* at 44-45. This implied covenant of quiet enjoyment is also codified at Md. Code, Real Prop. § 2-115 ("[I]n a lease, unless the lease provides otherwise, there is an implied covenant by the lessor that the lessee shall quietly enjoy the land."). Additionally, Plaintiff alleges that her lease with Defendant contained an express covenant of quiet enjoyment.[2] (ECF No. 1 ¶ 33).

---

[2] Defendant attaches a copy of the lease to his motion to dismiss and contends that it does not contain an express covenant of quiet enjoyment. (ECF Nos. 11-1, at 6; 11-2). Even if the court were to consider this document in reviewing the motion to

A claim for breach of the covenant of quiet enjoyment may exist if a landlord (or someone whose conduct is attributable to the landlord) "interfere[s] with the tenant's right to the use and enjoyment of the premises for the contemplated purposes." *Bocchini v. Gorn Mgmt. Co.*, 69 Md.App. 1, 6 (1986) (internal quotation marks omitted). Although the precise standard for what constitutes sufficient interference is nebulous, this court and Maryland courts have found quiet enjoyment claims to be plausible based on allegations of harassment by neighbors' dogs, *see Wright v. Willow Lake Apartments (MD) Owner, LLC*, No. 22-cv-0484-TDC, 2023 WL 25471, at *11 (D.Md. Jan. 3, 2023), and excessive noise by neighbors, *see Bocchini*, 69 Md.App. at 4-5, 14. *See also Cianci v. Boyd,* No. 753, Sept. Term 2015, 2016 WL 6664809, at *17-18 (Md.App. Nov. 7, 2016) (reversing summary judgment granted in landlord's favor on quiet enjoyment claim where tenant claimed that landlord repeatedly entered leased premises without notice or permission).[3]

---

dismiss, it is unnecessary to determine whether it contains an express covenant of quiet enjoyment because the covenant of quiet enjoyment is implied unless the lease expressly states otherwise, which Defendant does not contend it does.

[3] Defendant argues that because Plaintiff was able to continue living in the Townhome and "alleged no deficiencies in the Townhome itself," it cannot be said that Plaintiff was deprived of "the essence of what the landlord is to provide." (ECF No. 11-1, at 7 (quoting *Stevan v. Brown*, 54 Md.App. 235, 274 (1983)). As is evidenced by the above cited cases, a quiet enjoyment claim under Maryland law does not require that the landlord's actions make the leased premises physically uninhabitable, but rather that the

Plaintiff's allegations of repeated sexual harassment and stalking by her landlord, viewed in the light most favorable to Plaintiff for the purposes of resolving this motion, describe an interference with her quiet enjoyment of the Townhome that is at least as severe as the allegations in those cases.[4]  Plaintiff has alleged sufficient facts to state a plausible claim for breach of the covenant of quiet enjoyment.

IV. **Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be denied.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

actions sufficiently interfere with the tenant's quiet enjoyment of the premises.

[4] Defendant suggests it is important that some of the incidents Plaintiff describes occurred before the lease term began. (ECF No. 11-1, at 7). Generally, the covenant of quiet enjoyment applies only during the term of the lease. *See Baugher*, 16 Md. at 45 ("[A lessee is] entitled to the quiet enjoyment of [the premises] *during his term*[.]" (emphasis added)); *see also Bocchini*, 69 Md.App. at 8.  The complaint alleges, however, that Plaintiff received inappropriate messages on at least one occasion after the lease term began, and she suspected that she was being stalked while living in the Townhome. (ECF No. 1 ¶¶ 17-19).  The alleged harassment that occurred just prior to the start of the lease term could be considered to increase the severity of the later incidents.  Thus, the timing of the initial harassment does not necessarily defeat Plaintiff's claim at this stage.